Bradley L. Booke  #5-1676
250 Veronica Lane #204
Box 13160
Jackson, Wyoming 83002
Phone 702-241-1631
Fax 866-297-4863
brad.booke@lawbooke.com

*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF WYOMING**

| | |
|---|---|
| **BRADLEY E. HAMM,** )<br>)<br>    Plaintiff, )<br>)<br>  -vs- )<br>)<br>**BASIN ELECTRIC POWER** )<br>**COOPERATIVE, a North Dakota** )<br>**Cooperative Association,** )<br>)<br>    Defendant. )<br>) | **Case No.** _____ |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Bradley E. Hamm, through counsel, for his causes of action, alleges as follows:

**NATURE OF CASE**

This is a personal injury action arising from injuries suffered by Mr. Hamm while he was working for a contractor at Defendant Basin Electric Power Cooperative's Dry Fork Station coal-fired, electric generating station near Gillette, Wyoming.  Mr. Hamm was injured when large exhaust fans that should have been locked out and disabled were activated by Defendant's

employees, without any notice or warning, filling Mr. Hamm's workspace with coal ash and dust. As Mr. Hamm tried to escape the area, he stepped into an opening that was completely obscured by flying and swirling ash and dust in the air---and he badly fractured his left lower leg. As a result, Mr. Hamm now has surgically-implanted steel and titanium plates and screws that cause physical limitations and pain.

## I. PARTIES

1. Plaintiff Bradley E. Hamm is a citizen of the state of Missouri.

2. Defendant Basin Electric Power Cooperative (hereafter "Basin Electric") is a Cooperative Association organized under the laws of the State of North Dakota with its principal place of business in Bismarck, North Dakota.

3. At all times relevant to this action, Defendant Basin Electric was doing business at and as the Dry Fork Station electric generating facility seven miles north of Gillette, Wyoming (hereafter "Dry Fork Station").

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between Mr. Hamm, who is a citizen of the state of Missouri, and Defendant Basin Electric, which is a citizen of the state of North Dakota.

5. The matter in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

6. Venue is proper in this judicial district under 28 U.S.C. §1391(b)(2) and (3) because the events that give rise to this action occurred at the Dry Fork Station near Gillette, Campbell County, Wyoming.

. . . . .

### III. FACTS COMMON TO ALL CLAIMS FOR RELIEF

7. On May 4, 2019, Mr. Hamm was employed by Brahma Industrial Services and was performing maintenance and repair work at Dry Fork Station near Gillette, Wyoming.

8. Dry Fork Station was (and is) owned and operated by Defendant Basin Electric.

9. At all times described in this Complaint, all of the systems operated at Dry Fork Station were actually controlled by or were subject to control by employees of Defendant Basin Electric.

10. Close to 5:00 p.m. on May 4, 2019, Mr. Hamm was in a corridor at Dry Creek Station and working on ducts that transported ash that was to be burned off at Dry Fork Station.

11. At both ends of the corridor in which Mr. Hamm was working, there were large, built-in exhaust fans that ventilated the corridor.

12. When the exhaust fans were in operation, the fans blew and drew ash and dust through and out of the corridor in which Mr. Hamm was working.

13. On May 4, 2019 at approximately 5:00 p.m., however, because Mr. Hamm and his co-worker were performing maintenance on ductwork in the corridor, the exhaust fans were to be locked out, tagged out, and rendered inoperable.

14. A purpose of the "lockout/tagout" then in effect was to provide a safe workplace, free of flying coal ash and dust, for persons working in the corridor.

15. The "lockout/tagout" procedures, and the controls for implementing the lockout/tagout, were, at all times, within the control of Defendant Basin Electric's employees.

16. Throughout the course of Mr. Hamm's work shift prior to approximately 5:00 p.m., the exhaust fans in the corridor were inactive and had been rendered inoperable by the "lockout/tagout" procedure.

17. However, at approximately 5:00 p.m.---and without any sound, light, or other form of warning to Mr. Hamm---the exhaust fans activated.

18. When the exhaust fans activated, the fans caused the corridor to immediately fill with blowing and swirling coal ash and dust that made it impossible for Mr. Hamm to see.

19. Having no idea why the exhaust fans activated nor any knowledge as to whether or when the fans would shut off, Mr. Hamm tried to escape from the corridor for his personal safety.

20. While attempting to leave the corridor, Mr. Hamm stepped into an opening that he could not see because of the blowing ash and dust, and he badly fractured his left fibula.

21. Mr. Hamm was transported to and treated emergently at the Campbell County Memorial Hospital, and he later underwent surgery at the Grove Creek Surgery Center, where plates and screws were implanted in the left leg to stabilize and treat the fracture.

22. Thereafter, Mr. Hamm underwent a course of physical therapy near his home in Missouri.

23. Although Mr. Hamm has now returned to work, he has continuing physical limitations and pain, including difficulty in climbing a ladder or stairs or any activity in which his left heel is not resting on a hard and flat surface, early onset of fatigue in his left leg, and pain with changes in temperature and weather.

## IV.   CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF:  NEGLIGENCE *PER SE*

24. Mr. Hamm restates the foregoing paragraphs the same as if set forth herein in full.

25. At all times relevant to this Complaint, Defendant Basin Electric owed a duty to Mr. Hamm to fully comply with all state and federal workplace safety regulations.

26. At all times relevant to this Complaint, there was in effect a lockout/tagout requirement and procedure set forth in 29 C.F.R. 1910.147 and related sections, which had also been adopted by the State of Wyoming Department of Workforce Safety, that contained measures for protecting employees performing service and maintenance activities such as those being performed by Mr. Hamm.

27. The lockout/tagout requirement and procedures set for in 29 C.F.R. 1910.147 were applicable to Defendant Basic Electric at Dry Creek Station at the time and place Mr. Hamm was working.

28. At all times relevant to this Complaint, Mr. Hamm was within the category or persons who were intended to be protected by 29 C.F.R. 1910.147 and related sections.

29. By their acts and omissions described above, the employees of Defendant Basin Electric violated 29 C.F.R. 1910.147 and its related sections and thereby breached the duty owed by Defendant Basin Electric to Mr. Hamm to comply with federal and state workplace safety regulations.

30. The violation of 29 C.F.R. 1910.147 by Defendant Basin Electric's employees was negligence *per se*.

31. As the direct and proximate result of the negligence *per se* of Defendant Basin Electric's employees, Mr. Hamm suffered a substantial injury.

32. As the direct and proximate result of his injuries, Mr. Hamm has suffered special and general damages as described below in the section entitled "Damages."

33. Defendant Basic Electric is vicariously liable for the negligence *per se* of its employees that caused Mr. Hamm's injuries and damages by virtue of the doctrine of *respondeat superior*.

## SECOND CLAIM FOR RELIEF: NEGLIGENCE

34. Mr. Hamm restates the foregoing paragraphs the same as if set forth herein in full.

35. At all times relevant to this Complaint, Defendant Basin Electric owed duties to Mr. Hamm to provide a reasonably safe workplace, reasonably safe policies and procedures for creating and maintaining a reasonably safe workplace, and reasonably trained, skilled, and experienced staff to operate a reasonably safe workplace.

36. By their acts and omissions as described above, the employees of Defendant Basin Electric breached their duties to Mr. Hamm in several ways including, on information and belief and without limitation, the following:

   A. Failing to formulate and adopt proper lockout/tagout policy and procedures;

   B. Failing to implement proper lockout/tagout procedures;

   C. Failing to hire and employ personnel capable of formulating, adopting, and implementing proper lockout/tagout procedures;

   D. Failing to adequately train personnel in implementation of proper lockout/tagout procedures;

   E. Failing to monitor and supervise personnel in the use of proper lockout/tagout procedures;

   F. Failure to discipline and/or terminate personnel that failed to follow proper lockout/tagout procedures;

   G. Failing to adequately communicate lockout/tagout procedures to employees of contractors hired to work on the Dry Fork Station;

   H. Failing to provide an adequate warning system for activation of equipment in situations where lockout/tagout procedures were, or should have been, in effect.

37. As the direct and proximate result of the negligence of defendant Basin Electric's employees, Mr. Hamm suffered a substantial injury.

38. As the direct and proximate result of his injuries, Mr. Hamm has suffered damages as described below in the section of this Complaint entitled "Damages."

39. Defendant Basic Electric is vicariously liable for the negligence of its employees that caused Mr. Hamm's injuries and damages by virtue of the doctrine of *respondeat superior*.

## DAMAGES

40. Plaintiff restates the foregoing paragraphs the same as if stated herein in full.

41. As a direct and proximate result of the acts and omissions alleged above, Mr. Hamm was substantially injured and has suffered special and general damages, including the following:

   A. Past and future physical pain and suffering in an amount to be proven at trial.

   B. Past and future emotional pain and suffering in an amount to be proven at trial.

   C. Past and future loss of enjoyment of life in an amount to be proven at trial.

   D. Permanent disfigurement in an amount to be proven at trial.

   E. Permanent disability in an amount to be proven at trial.

   F. Past and future medical and related expenses in an amount to be proven at trial.

   G. Past and future loss of earnings and earning capacity in an amount to be proven at trial.

WHEREFORE, Mr. Hamm respectfully prays that judgment be entered in his favor of and against Defendant Basin Electric Power Cooperative in an amount supported by the allegations of this Complaint and proved at the trial of this case, together with interest and costs thereon, and for such other and further relief as the Court deems just and equitable.

. . . . .

Dated this 26th day of October, 2020.

*Bradley L. Booke* #5-1676
250 Veronica Lane #204
Box 13160
Jackson, Wyoming 83002
Phone 702-241-1631
Fax 866-297-4863
brad.booke@lawbooke.com
*Attorney for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands that all issues regarding all claims for relief above be tried by a jury.

Dated this 26th day of October, 2020.

*Bradley L. Booke* #5-1676
250 Veronica Lane #204
Box 13160
Jackson, Wyoming 83002
Phone 702-241-1631
Fax 866-297-4863
brad.booke@lawbooke.com
*Attorney for Plaintiff*